NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIK SINGER, | |
| Petitioner, | Civil Action No. 19-12497 (MAS) |
| v. | **MEMORANDUM & ORDER** |
| ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al., | |
| Respondents. | |

*Pro se* Petitioner Malik Singer ("Petitioner") has filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Pet., ECF No 9.) The Court has screened the Amended Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") and concluded that it does not "plainly appear[] from the petition and any attached exhibits that the petitioner is not entitled to relief [.]" Accordingly, Respondents will be ordered to file an answer to the Amended Petition.

Additionally pending before the Court is Petitioner's Motion to Appoint Pro Bono Counsel. (Mot., ECF No. 8.) Petitioner seeks the appointment of pro bono counsel based on his ignorance of the law, which he asserts "will greatly limit his ability to litigate this matter," and on his assertion that "[a] trial in this case will likely involve conflicting testimony, and counsel would better enable [Petitioner] to present evidence and cross-examine witnesses without undue delay or inefficiency in the court proceeding." (*Id.*) Petitioner additionally alleges that he is unable to afford counsel, as evidenced by his application to proceed *in forma pauperis* in this matter. (*Id.*)

A habeas petitioner has no constitutional or statutory right to representation by counsel. *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded by statute on other grounds* 28 U.S.C. § 2254. Nevertheless, under 18 U.S.C. § 3006A, courts may appoint counsel to habeas petitioners if they are "financially eligible" and if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In determining whether the interests of justice support the appointment of counsel, "the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court." *Reese*, 946 F.2d at 263–64. Such an inquiry includes consideration of the petitioner's likelihood of success on the merits, the proceeding's legal complexity, and the petitioner's ability to investigate and present his case. *See, e.g.*, *Fuscaldo v. Nogan*, No. 16-4198, 2016 WL 5660436, at *2 (D.N.J. Sept. 28, 2016).

The appointment of counsel is not warranted at this time. Without reaching any conclusion as to the ultimate merits of Petitioner's claims, the Court observes that the issues presented in the Amended Petition do not appear to be particularly complex, nor does it appear that Petitioner lacks the ability to present his claims. Petitioner has presented a generally coherent, albeit lengthy, habeas petition that alleges a number of trial errors and ineffective assistance of counsel claims. Furthermore, while Petitioner asserts that counsel would significantly aid him in any trial in this matter, it is premature to appoint counsel for that purpose as this Court has not yet determined whether an evidentiary hearing will be necessary in this matter. Therefore, the Court finds that the interests of justice do not require the appointment of counsel at this time.

**IT IS** therefore on this 5th day of November, 2019

**ORDERED** that the Clerk of the Court shall REOPEN this proceeding;

**ORDERED** that Petitioner's Motion to Appoint Pro Bono Counsel (ECF No. 8) is DENIED WITHOUT PREJUDICE;

**ORDERED** that the Clerk shall serve, pursuant to Rule 4 of the Habeas Rules, a Notice of Electronic Filing of this Order on the State of New Jersey, Department of Law & Public Safety, Division of Criminal Justice, Appellate Bureau ("the Bureau"), in accordance with the Memorandum of Understanding between this Court and the Bureau;

**ORDERED** also in accordance with the Memorandum of Understanding, that if the Bureau intends to refer the action to a County Prosecutor's Office, the Bureau will use its best efforts to upload to CM/ECF a "referral letter" indicating the name of that office within fourteen (14) calendar days from the date of the Order to Answer;

**ORDERED** that where the Petition appears to be untimely under the Antiterrorism and Effective Death Penalty Act of 1996, within forty-five (45) days of the date this Order is filed, Respondents may file a motion to dismiss the Petition on timeliness grounds only, provided that the motion: (1) attaches exhibits that evince all relevant state court filing dates; (2) contains legal argument discussing pertinent timeliness law; and (3) demonstrates that an answer to the merits of the Petition is unnecessary;

**ORDERED** that if a motion to dismiss is filed, Petitioner shall have forty-five (45) days to file an opposition brief, in which Petitioner may argue any bases for statutory and/or equitable tolling, and to which Petitioner may attach any relevant exhibits;

**ORDERED** that if Petitioner files an opposition, Respondents shall have ten (10) days to file a reply brief;

**ORDERED** that if the motion to dismiss is subsequently denied, the Court will then direct Respondents to file a full and complete answer to all claims;

**ORDERED** that if Respondents do not file a motion to dismiss the Petition, they shall file a full and complete answer to all claims asserted in the Petition within forty-five (45) days of the entry of this Order;

**ORDERED** that Respondents' answer shall respond to each factual and legal allegation of the Petition, in accordance with Habeas Rule 5(b);

**ORDERED** that Respondents' answer shall address the merits of each claim raised in the Petition by citing to relevant <u>federal</u> law;

**ORDERED** that, in addition to addressing the merits of each claim, Respondents shall raise by way of its answer any appropriate defenses which they wish to have the Court consider, including, but not limited to, exhaustion and procedural default, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate federal legal authority; all non-jurisdictional affirmative defenses subject to waiver not raised in Respondents' answer or at the earliest practicable moment thereafter may be deemed waived;

**ORDERED** that Respondents' answer shall adhere to the requirements of Habeas Rule 5(c) and (d) in providing the relevant state court record of proceedings, including any *pro se* filings;

**ORDERED** that the answer shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the answer;

**ORDERED** that Respondents shall electronically file the answer, the exhibits, and the list of exhibits;

**ORDERED** that all exhibits to the answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY";

**ORDERED** that Petitioner may file and serve a reply to the answer within forty-five (45) days after Respondents file the answer, *see* Habeas Rule 5(e);

**ORDERED** that within seven (7) days after any change in Petitioner's custody status, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is further

**ORDERED** that the Clerk shall serve this Order on Petitioner by regular mail.

*[signature]*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**